IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHERRY KUUIPO PAULO,<br>[DOB: 5/23/1965],<br><br>and<br><br>ANTHONY RAYMOND FLORES,<br>[DOB: 2/3/1960],<br><br>Defendants. | No. 19-cr-04090-BCW-01/02<br><br>**COUNT ONE**<br>(PAULO & FLORES)<br>18 U.S.C. § 242<br>NMT:  Life Imprisonment<br>NMT:  $250,000 Fine<br>NMT:  5 Years Supervised Release<br>Restitution may be ordered<br>Class A Felony<br><br>**COUNT TWO**<br>(PAULO)<br>18 U.S.C. § 1347<br>NMT:  10 Years Imprisonment<br>NMT:  $250,000 Fine<br>NMT:  3 Years Supervised Release<br>Restitution may be ordered<br>Class C Felony<br><br>**ALLEGATION OF CRIMINAL FORFEITURE**<br>(PAULO)<br>18 U.S.C. § 982(a)(7)<br><br>$100 Mandatory Special Assessment on Each Count |

## **I N F O R M A T I O N**

### **INTRODUCTION**

1. Second Chance Homes (SCH) was a private facility that contracted with the Missouri Department of Mental Health to provide statutorily mandated services to developmentally disabled persons.

2. SCH employees worked with state and county officials to determine the needs of SCH's residents.

1

3. Defendant Sherry **PAULO** worked for SCH as a direct care staff member and professional manager of SCH.

4. Defendant Anthony **FLORES** worked as a direct care staff member of SCH.

5. Both Defendants **PAULO** and **FLORES** were responsible for providing the statutorily mandated services to residents of Second Chance Homes, and for ensuring that the residents' needs were met.

6. C.D. was a 31-year-old man and a resident of SCH from 2008 until 2016. C.D. had various developmental disabilities and was a Missouri ward of the state.

7. Defendant **PAULO** was responsible for caring for C.D. and was thus familiar with C.D.'s medical conditions. Defendant **FLORES** worked alongside C.D. and the SCH employees who were assigned to care for him, and Defendant **FLORES** was familiar with C.D.'s medical conditions. Defendants **PAULO** and **FLORES** further knew that such conditions required medical care.

## COUNT 1

**(Deprivation of Rights Under Color of Law)**

8. Paragraphs 1-7 are incorporated herein.

9. Beginning on or about January 2016, and continuing through, on, or about September 2016, in the Western District of Missouri, defendants,

**SHERRY PAULO** and **ANTHONY FLORES**,

while acting under the color of law, willfully deprived C.D. of the right, secured and protected by the Constitution and laws of the United States, to due process of law. Specifically, defendants **PAULO** and **FLORES**, knowing that C.D. had a serious medical condition, willfully failed to provide C.D. with necessary medical care, thereby acting with deliberate indifference to a

substantial risk of serious harm to C.D. The offense resulted in bodily injury to, and the death of, C.D.

10. All in violation of Title 18, United States Code, Section 242.

## COUNT 2

11. Paragraphs 1-7 are incorporated herein.

12. On or about the time period of September 2016 through April 2017, in the Western District of Missouri, defendant,

**SHERRY PAULO**,

knowingly and willfully, executed and attempted to execute a scheme and artifice to defraud a health care benefit program, as defined in 18 U.S.C. § 24(b), by representing that C.D. was alive and receiving services provided by defendant when, in fact, C.D. was dead, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Missouri MoHealthnet (Medicaid), a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the payment for health care benefits, items, and services.

13. All in violation of Title 18, United States Code, Section 1347.

## FORFEITURE ALLEGATION

14. Paragraphs 1-13 are incorporated herein.

15. Upon conviction of the offense alleged in Count Two of this Information, defendant **PAULO** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to: a money judgment in the amount of at least $106,795.00.

16. If any of the property described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

17. All pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c).

    Respectfully submitted,

    Timothy A. Garrison
    United States Attorney

By    /s Lucinda Woolery

    Lucinda M. Woolery
    Gregg R. Coonrod
    Assistant United States Attorneys
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

Eric S. Dreiband
Assistant Attorney General

By     /s Janea Lamar

Julia Gegenheimer
Special Litigation Counsel
Janea Lamar
Trial Attorney
Civil Rights Division
950 Pennsylvania Avenue NW
Washington, DC 20530